46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Obar MAJETTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Obar MAJETTE, Defendant-Appellant.
 Nos. 94-5022, 94-5304.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 20, 1995.
 
 John Joseph Korzen, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, NC, for Appellant.
 Walter C. Holton, Jr., United States Attorney, Scott P. Mebane, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WIDENER and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After a mistrial, Obar Majette entered a plea of guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and was sentenced to a term of 200 months. In No. 94-5022, Majette appeals his sentence on the grounds that the district court failed to determine the amount of drugs attributable to him as relevant conduct,* and failed to make a finding of perjury adequate to support an adjustment for obstruction of justice under USSG Sec. 3C1.1. In No. 94-5304, Majette appeals an order of the district court which denied his post-sentencing Amended Motion for Specific Performance of the Plea Agreement. We affirm in part and dismiss in part.
 
 
 2
 Majette was arrested at the Greyhound Bus Terminal in Greensboro, North Carolina, after Drug Enforcement Administration (DEA) agents received information that he would be arriving from New York with crack cocaine. As agents boarded the bus, Majette got off with a green duffle bag, although his ticket was to Winston-Salem. A blue bag suspected of containing drugs was left on the bus, and was not claimed by any of the passengers remaining on the bus. Inside the blue bag were 132.8 grams of crack, some clothes, and various toiletries. Majette denied ownership of the bag but was arrested. His fingerprint was later discovered on one of the articles in the blue bag.
 
 
 3
 Majette initially went to trial and testified that items from his green bag were put into the blue bag after he was arrested. A mistrial was declared when the jury failed to reach a verdict. Following his guilty plea, Majette admitted to the probation officer that he had in fact been transporting the crack in the blue bag, and also that he had made six or seven other such trips bringing crack to North Carolina to sell. He also admitted owning half of 246.1 grams of crack transported by Sean Folks, who had previously been convicted of a similar charge. Folks testified at Majette's trial, and apparently was the source of the information leading to Majette's arrest.
 
 
 4
 The probation officer recommended that Majette be held responsible for 255.85 grams of crack, which yielded a base offense level of thirty-four (150-500 grams of crack). He also recommended a two-level adjustment for obstruction of justice, suggesting that Majette's trial testimony was perjured, and a two-level reduction for acceptance of responsibility. The final recommended offense level was thirty-four.
 
 
 5
 Majette objected to the use of half the crack transported by Folks to compute his offense level, alleging that there was "no evidence" that he owned half of Folks' crack. He also objected to the obstruction of justice adjustment, and to his criminal history score. The probation officer responded to each objection in detail, explaining the reasons for the recommended findings.
 
 
 6
 At the sentencing hearing, defense counsel argued that Majette could not have owned half the crack transported by Folks because he was in prison at the time. The district court asked what the effect would be of eliminating the crack transported by Folks. When the probation officer responded that it would reduce the offense level from thirty-four to thirty-two, the court asked defense counsel, "Would that help you any?"
 
 
 7
 The court then heard Majette's objection to the obstruction of justice adjustment. Majette argued that the court should not consider his false testimony at trial because it occurred just before the Supreme Court's decision in United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S.1993) (holding that defendant's false testimony at trial may be basis for adjustment if sentencing court finds testimony was perjured). The district court found that a defendant's perjured trial testimony should be considered in sentencing him. The court heard argument on Majette's other objections to the presentence report, recessed briefly, and then reconvened and adopted "the factual findings and the guideline applications in the presentence report as written."
 
 
 8
 The sentencing court must resolve any dispute concerning the amount of drugs for which the defendant is held responsible for sentencing purposes. USSG Sec. 6A1.3(b); Fed.R.Crim.P. 32(c)(3)(D). The court may resolve disputed issues by adoption of the findings in the presentence report if it makes clear which disputed issues are resolved by its adoption. United States v. Walker, 29 F.3d 908, 911 (4th Cir.1994). Here, the court adopted all the findings in the presentence report, and in so doing found against Majette on all his factual objections.
 
 
 9
 The probation officer recommended that half of the crack carried by Sean Folks at his arrest be included because Majette admitted owning it in his presentence interview. Although in his objections Majette sought to discredit Folks' testimony, he did not disown--or address in any way--his own admission. Therefore, he did not meet his burden of showing that disputed information in the presentence report was unreliable or inaccurate, United States v. Terry, 916 F.2d 157, 160 (4th Cir.1990), and the district court was free to rely on the recommended finding. United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir.1993). In spite of the district court's failure to make a specific finding on the drug amount in the sentencing hearing, the court's finding and the reason for it are clear from the record, appellate review is not impeded, and no remand is necessary.
 
 
 10
 Giving perjured testimony is obstruction of justice warranting an upward adjustment. USSG Sec. 3C1.1, comment. (n.3(b)). When a defendant testifies falsely in his own defense, the adjustment may be given if the district court finds that the false testimony was a deliberate attempt to mislead, rather than the result of confusion, mistake, or a faulty memory. Dunnigan, 61 U.S.L.W. at 4183. The probation offi cer recommended a finding that Majette's false trial testimony was perjured in that it was calculated to mislead the jury. The probation officer based the recommendation on Majette's denial of any involvement with the crack in the blue bag and his subsequent admission that he was transporting the crack in the blue bag.
 
 
 11
 In the district court, Majette did not contest the probation officer's recommended finding that his trial testimony was perjured. Instead, he argued that his perjured testimony at trial should not be considered because the Supreme Court did not decide Dunnigan until after his trial. However, Majette claims on appeal that the district court failed to make an independent finding that he committed perjury in his trial testimony. Because Majette failed to assert that his testimony was not perjured, or provide any support for such a finding, the district court was justified in relying on the probation officer's recommended finding of perjury. Its adoption of the factual findings recommended in the presentence report constitute a finding that Majette committed perjury at trial. See Walker, 29 F.3d at 912.
 
 
 12
 Majette objected at sentencing to the government's failure to move for a substantial assistance departure. The district court advised defense counsel to file a written motion to compel specific performance of the plea agreement. The motion was subsequently filed and denied. Although Majette appealed the court's order in No. 94-5304, he has abandoned the issue on appeal by failing to discuss it in his appellate brief. Therefore, we do not review it. Bender v. Brumley, 1 F.3d 271, 275 (5th Cir.1993).
 
 
 13
 In No. 94-5022, we affirm the sentence imposed by the district court. In No. 94-5304, we dismiss the appeal of the order denying specific performance of the plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3, 2D1.1 (Nov.1992)